*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0150P (6th Cir.)
File Name: 00a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WOODROW W. DAWAHARE,
    *Plaintiff-Appellant,*

    *v.*

ADAM A. SPENCER; DEAN
WITTER REYNOLDS, INC.;
SMITH BARNEY, INC.,
    *Defendants-Appellees.*

No. 98-6356



Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 98-00027—Karl S. Forester, District Judge.

Argued: September 14, 1999

Decided and Filed: April 27, 2000

Before: SUHRHEINRICH, COLE, and GIBSON,[*] Circuit
Judges.

---

[*]The Honorable John R. Gibson, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

1

———————————

**COUNSEL**

———————————

**ARGUED:** J. Robert Lyons, Jr., WOODWARD, HOBSON & FULTON, Lexington, Kentucky, for Appellant. William E. Johnson, JOHNSON, JUDY, TRUE & GUARNIERI, Frankfort, Kentucky, Nancy H. Baughan, PARKER, HUDSON, RAINER & DOBBS, Atlanta, Georgia, for Appellees. **ON BRIEF:** J. Robert Lyons, Jr., Glen S. Bagby, WOODWARD, HOBSON & FULTON, Lexington, Kentucky, for Appellant. William E. Johnson, JOHNSON, JUDY, TRUE & GUARNIERI, Frankfort, Kentucky, Nancy H. Baughan, David G. Russell, PARKER, HUDSON, RAINER & DOBBS, Atlanta, Georgia, Theodore E. Cowen, GRASCH, WALTERS & COWEN, Lexington, Kentucky, for Appellees.

———————————

**OPINION**

———————————

JOHN R. GIBSON, Circuit Judge. Woodrow Dawahare appeals from the district court's denial of his motion to vacate the arbitration award he obtained against Adam Spencer and Dean Witter Reynolds, Inc. Dawahare argues that because the damages awarded were grossly inadequate and bore no relationship to the evidence submitted, the award itself shows evident partiality. Further, he argues that the arbitrators manifestly disregarded the law of damages. We affirm the district court's confirmation of the award.

In view of the limited issues presented, many of the factual details are irrelevant to our discussion. Dawahare established a brokerage account at Shearson Lehman Brothers, Inc. after receiving a "cold call" from Spencer. Smith Barney, Inc. acquired Shearson Lehman sometime after Dawahare opened his account. In August 1994, Spencer informed Dawahare that he planned to leave Smith Barney and go to Dean Witter, and Dawahare agreed to transfer his account. Both before and

after the transfer, Spencer engaged in short trading with the Dawahare account. As a result of the price increase of stocks in which Dawahare held short positions, the account declined in value by $495,322 during the last two months of 1994. After Dean Witter learned that Dawahare's son had complaints about the handling of his father's account, Spencer was fired.

Pursuant to pre-dispute arbitration agreements between the parties, Dawahare submitted the controversy to a National Association of Securities Dealers, Inc. arbitration panel in 1996. Dawahare claimed that Spencer had engaged in unsuitable and excessive trading, causing him damages in excess of $600,000. The NASD panel denied Dawahare's claims against Smith Barney, but found in his favor against Dean Witter, awarding $25,000 in compensatory damages and $24,000 in punitive damages. The arbitrators also found Spencer liable to Dawahare for $1000. In the district court, Dawahare moved to vacate the award; the court denied his motion and granted cross motions to confirm the award.

The district court had before it the transcript of the arbitration hearing. At the hearing, Dawahare presented evidence that his health was failing and that he was unable to understand the significance of the short trading strategy pursued by Spencer because of progressive dementia. His wife testified that she thought Dawahare was in over his head. The brokerage firms maintained that Dawahare was an experienced investor, that he was happy with Spencer and with his handling of the account while it was profitable, and that they were unaware of any health or memory problems Dawahare may have had.

Smith Barney's expert witness testified that Dawahare's account increased in value while it was at Smith Barney. Dawahare's expert witness testified that a conservative investment strategy, assuming a reasonable return of six percent, would have resulted in an account value of $776,603.28 in contrast to the $258,731.97 the Dean Witter account was worth at the end of January 1995. Dawahare's

expert then added interest to the difference between these two figures, arriving at a total of $604,463.06 in damages. Dean Witter argued that Dawahare had authorized the activity in his account. Neither Dawahare nor Spencer testified at the arbitration hearing.

The district court rejected Dawahare's argument that the arbitration award should be vacated because of evident partiality or manifest disregard of the law and confirmed the award. We review the confirmation of an arbitration award for clear error on findings of fact and de novo on questions of law. *See Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 135 (6th Cir. 1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir. 1995).

"It is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992). The Federal Arbitration Act presumes that arbitration awards will be confirmed. *See* 9 U.S.C. § 9 (1994); *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998). A court may vacate an arbitration award in the following situations: (1) where the award was procured by fraud, (2) where the arbitrators were evidently partial or corrupt, (3) where the arbitrators misbehaved so that a party's rights were prejudiced, or (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made. *See* 9 U.S.C. § 10(a) (1994). In addition, a reviewing court may vacate an award where the arbitrators have manifestly disregarded the law. *See Glennon*, 83 F.3d at 136.

Dawahare first argues that the award should be vacated under 9 U.S.C. § 10(a) because the discrepancy between the damages awarded and the damages alleged shows evident partiality. We see no basis to sustain this argument. Only if a reasonable person would have to conclude that the arbitration panel was partial to a party will we find evident partiality. *See Andersons, Inc.*, 166 F.3d at 328. "The alleged partiality must be direct, definite, and capable of

would be to disregard the fact finder's responsibility to evaluate testimony.

We decline to adopt Dawahare's suggestion that we engage in a more extensive review of arbitration awards. To do so would undermine the goal of the arbitration process: to resolve disputes efficiently while avoiding extended litigation. *See*, *e.g.*, *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 441 (6th Cir. 1985).

Smith Barney requests attorneys' fees and double the costs incurred in this appeal, arguing that Dawahare's appeal is frivolous. We deny Smith Barney's motion for sanctions. For the foregoing reasons, the judgment of the district court is affirmed.

simply no evidence that the arbitrators were aware of some relevant law on damages that they chose to ignore, and we question whether the damages evidence presented by Dawahare required any particular outcome.

During closing argument at the arbitration hearing, Dawahare's attorney characterized the damages as two types: excessive commissions paid while Spencer churned the account at Smith Barney and the loss in value that occurred at Dean Witter due to the short positions in the account. His expert, however, concluded that Dawahare should recover the amount of money that his account would have earned had it been invested conservatively and earned 6%. Dawahare's attorney stated: "So, I would like to give you a nice clean theory for allocating this award among these respondents, and I'm afraid I can't do that. I'm going to have to leave it to your wisdom." Dawahare cannot rely upon the wisdom of the decision makers without citing any rule of law to support his damages claim and then later argue that the arbitrators disregarded the law.

Dawahare's argument on manifest disregard of the law is premised on the fact that the only damages evidence was his expert's opinion that he had sustained damages in excess of $600,000. In essence, he argues that the arbitrators were compelled to accept this testimony and award that amount. We agree with the district court's observation that "[e]xpert testimony, even if uncontradicted, may be believed in its entirety, in part, or not at all." *See also Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 5 (1st Cir. 1992) (fact finder not ordinarily bound by uncontradicted expert opinion testimony, particularly where testimony "lacks great convictive force" in context of evidence as a whole); *Gregg v. U. S. Indus., Inc.*, 887 F.2d 1462, 1469-70 (11th Cir. 1989) (expert testimony is not conclusive and need not be accepted). The court also pointed out that the expert's opinion had been impeached on cross-examination and that there was evidence that Dawahare maintained substantial control over his investments. For us to hold that the arbitration panel was compelled to accept Dawahare's expert's damages evidence

demonstration, and 'the party asserting [it] . . . must establish specific facts that indicate improper motives on the part of the arbitrator.'" *Id.* at 329 (quoting *Consolidation Coal Co. v. Local 1643, United Mine Workers of Am.*, 48 F.3d 125, 129 (4th Cir. 1995)). Because Dawahare points to nothing but the amount of the award to establish evident partiality, there is no basis to vacate the award on this ground.

Dawahare also argues that the substantial disparity between the damages awarded and the damages evidence presented establishes a manifest disregard of the law of damages. He asserts that the common law entitles him to recover all losses proximately caused by the wrongful acts of the liable parties. Our review for manifest disregard of the law does not open the door to extensive review of arbitral awards. *See Jaros*, 70 F.3d at 421 ("This court has emphasized that manifest disregard of the law is a very narrow standard of review.").

An arbitration decision "must fly in the face of established legal precedent" for us to find manifest disregard of the law. *Id.* An arbitration panel acts with manifest disregard if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Id.* Thus, to find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it. *See M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 n.3 (6th Cir. 1996) (noting that if its review of an arbitral award were based on FAA standards, there was no manifest disregard since any mistake in applying the law was inadvertent and not based on a conscious decision to ignore the law). Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law. *See Jaros*, 70 F.3d at 421.

Chief Judge Martin, concurring in *Federated Department Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862 (6th Cir. 1990), recognized the problems inherent in reviewing an

arbitration award for manifest disregard of the law where the arbitrators fail to state a reason for their decision. He stated that courts are forced to participate in a "judicial snipe hunt" with the parties arguing about law that may or may not have been disregarded by the arbitrators. *See id.* at 871. He would allow reversal when there are no reasons given for an arbitration decision and the record is insufficient to show that the arbitrators did not manifestly disregard the law. *See id.* No panel of this court has adopted this reasoning.

The arbitrators' decision in this case outlined the parties' contentions and discussed the claims and evidence in some detail for some three-and-a-half, single-spaced pages. The monetary award simply designated the amount of damages without detailed explanation. It is difficult to say that the arbitrators refused to heed a clearly defined legal principle. Dawahare points to nothing in the record that shows the arbitrators' awareness of the common law that he alleges to be applicable. This is not a case where one of the parties clearly stated the law and the arbitrators expressly chose not to follow it.

Since Supreme Court dictum established the manifest disregard of the law standard forty-seven years ago, *see Wilko v. Swan*, 346 U.S. 427, 436 (1953), *overruled on other grounds*, *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989), only two federal courts of appeals have used it to vacate arbitration decisions. Dawahare understandably cites to these cases, but to no avail, as both cases are easily distinguished from the case before us.

The Second Circuit held that an arbitration panel that denied relief on an ADEA claim showed manifest disregard by ignoring "the law or the evidence or both" where the plaintiff presented strong evidence that he was fired because of his age. *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 204 (2d Cir. 1998), *cert. denied*, 119 S.Ct. 1286 (1999). The court pointed out that the parties explained the applicable law to the arbitrators. *See id.* at 204. This is important because manifest disregard requires awareness of the relevant law. *See Jaros*,

70 F.3d at 421 (stating that an arbitrator must refuse to heed a clearly defined legal principle in order to manifestly disregard the law). Here, Dawahare points to nothing in the record that indicates the arbitration panel was aware of the law he alleges it ignored. Also, the *Halligan* court particularly emphasized the importance of assuring plaintiffs with employment discrimination claims a forum in which to effectively vindicate their statutory rights. *See* 148 F.3d at 201-03.

In *Montes v. Shearson Lehman Brothers, Inc.*, 128 F.3d 1456 (11th Cir. 1997), the Eleventh Circuit reversed the district court's confirmation of an arbitration award because the arbitration panel acted in manifest disregard of the law. An employee sued her former employer for overtime pay pursuant to the Fair Labor Standards Act, and the dispute went to arbitration. *See id.* at 1458. The employer's attorney repeatedly urged the arbitration panel to disregard the FLSA when making its decision and the panel denied the employee's claim. *See id.* at 1458-59. Because there was no evidence the arbitrators rejected the urging and because there was a lack of factual support for the ruling, the court remanded with instructions to refer the case to a new arbitration panel. *See id.* at 1464. The concurrence emphasized that the decision was narrowly limited to the unusual facts of the case. *See id.* Here, there is no evidence that Spencer, Smith Barney, or Dean Witter urged the arbitrators to disregard the applicable law.

Dawahare's vague assertion that the arbitrators manifestly disregarded the common law of damages falls far short of the necessary showing of the law that clearly applied in the case and of conscious disregard of that law by the arbitrators. It is possible to argue that the arbitrators misapplied the law of damages, that is, punitive damages would only be warranted for egregious conduct by Dean Witter and, in that case, a compensatory award of less than 5% of the damages alleged is likely too low. To show manifest disregard, however, a party must show more than "[a] mere error in interpretation or application of the law." *Jaros*, 70 F.3d at 421. There is