NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0094n.06
Filed: February 6, 2007

No. 06-1578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANGELA ESSENMACHER,                       )
                                          )
        Plaintiff-Appellant,              )
                                          )
v.                                        )   ON APPEAL FROM THE UNITED
                                          )   STATES DISTRICT COURT FOR THE
ORKIN EXTERMINATING COMPANY,              )   EASTERN DISTRICT OF MICHIGAN
INCORPORATED,                             )
                                          )
        Defendant-Appellee.               )

Before: DAUGHTREY and COOK, Circuit Judges; and WEBER, District Judge.*

PER CURIAM. Plaintiff Angela Essenmacher appeals the district court's refusal to vacate

an arbitration award decided in favor of Defendant Orkin Exterminating Company (Orkin) on most

of her claims. We affirm.

In 1997, Essenmacher contracted with Orkin to exterminate various pests in her house. After

the Michigan Department of Agriculture found that Orkin had misapplied the pesticide Ficam D,

Orkin offered to pay cleanup costs. Essenmacher filed this suit in August 2000, alleging that Orkin

had also negligently applied other chemicals and that Orkin had failed to warn her about possible

---

*The Honorable Herman J. Weber, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

dangers. The district court granted Orkin's motion to compel arbitration pursuant to the original

contract for services and ordered Orkin to pay the costs of arbitration. A panel of three arbitrators

unanimously found that Orkin had negligently applied Ficam D, found in favor of Orkin on all other

claims, and awarded Essenmacher $35,554 in damages. After the district court denied

Essenmacher's motion to vacate the decision and to award her litigation costs, she timely appealed.

Courts have a limited role when reviewing arbitration awards, setting aside awards for

substantive reasons only if the arbitrators manifestly disregarded the law, "a very narrow standard

of review." *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995); *see*

*also Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). Arbitrators manifestly disregard the

law only if the relevant law is clearly defined and they consciously choose not to apply it.

*Dawahare*, 210 F.3d at 669. Essenmacher argues that these arbitrators manifestly disregarded the

law by (1) not finding for her on two of her negligence claims, (2) finding that the Federal

Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136-136g, preempted her failure-

to-warn claims, and (3) not awarding her taxable costs.[1] We address each claim in turn.

First, Essenmacher argues that the arbitrators disregarded the law of negligence because the

factual record compelled a finding of negligence. We "are not permitted to consider the merits of

---

[1] While Essenmacher primarily argues that the arbitrators manifestly disregarded the law, she also suggests that they (and the district court) may have been biased. For a court to vacate the award for partiality, *see* 9 U.S.C. § 10(a)(2), Essenmacher must set forth "specific facts that indicate improper motives on the part of the arbitrator." *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 329 (6th Cir. 1998). She has failed to do so.

an arbitration award even if the parties allege that the award rests on errors of fact . . . ." *Shelby County Health Care Corp. v. AFSCME*, 967 F.2d 1091, 1094 (6th Cir. 1992) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). At the arbitration, Orkin put on both lay and expert witnesses and submitted a number of documents to counter Essenmacher's claims. The arbitrators, of course, had discretion to believe any witness's testimony "in its entirety, in part, or not at all." *Dawahare*, 210 F.3d at 671. The record was more than sufficient to allow the arbitrators to reach the legal conclusions they did, and we decline to disturb the arbitrators' findings.

Second, Essenmacher argues that the arbitrators erred as a matter of law by deciding that FIFRA preempted her failure-to-warn claims. Whether FIFRA preempts these claims is immaterial because the arbitrators ruled against Essenmacher on all three of her failure-to-warn claims. Specifically, the panel held that Orkin did not negligently fail to warn Essenmacher about any of the products used in her home, that Orkin did not commit silent fraud, and that Orkin did not make any innocent misrepresentation of a material fact. Essenmacher points to no law that the arbitrators manifestly disregarded, and we see no basis for vacating the arbitrators' decision.

Third, Essenmacher argues that both the arbitrators and the district court erred by not awarding taxable costs to her. To the extent that Essenmacher argues that the arbitrators erred by not awarding her costs, declining to award costs was well within the arbitrators' authority. *Cf. Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 651 (6th Cir. 2005); *see also* Am. Arbitration Ass'n, Commercial Arbitration Rule 50. Her argument that the district court erred rests

on the district court's own order compelling arbitration, which required that Orkin "pay all the costs of arbitration." The district court clarified the meaning of this order after the arbitration, telling the parties that "costs referred to the AAA filing fee and the arbitrators' fees . . . , not other litigation expenses." We see no reason to second guess the district court's interpretation of its own order.

For the foregoing reasons, we affirm the district court's denial of Essenmacher's motion to vacate or modify the arbitration award and to award her litigation expenses.