**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0053n.06

**No. 11-4355**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PATRICK MURRAY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| CITIGROUP GLOBAL MARKETS, INC., | ) | District of Ohio |
| | ) | |
| Defendant-Appellee. | ) | |

**FILED**
*Jan 10, 2013*
DEBORAH S. HUNT, Clerk

Before:     MARTIN and BOGGS, Circuit Judges; and COLLIER, Chief District Judge.[*]

BOGGS, Circuit Judge. Patrick Murray, a former financial advisor for Smith Barney, appeals the decision of the district court for the Northern District of Ohio denying his motion to vacate or modify an arbitration award in favor of Citigroup Global Markets, Inc., the former parent of Smith Barney and a current stakeholder in Morgan Stanley Smith Barney, LLC. Murray raises three basic issues with the arbitration panel's decision: (1) the panel exceeded its authority by issuing an award in contradiction of the plain language of his contract with Citigroup; (2) the panel exceeded its authority by issuing an award beyond the scope of the various arbitration agreements that he signed; and (3) the panel acted in manifest disregard of the law. Murray did not challenge the scope of the arbitration panel's authority in the district court, and his first two arguments are accordingly

---

[*] The Honorable Curtis L. Collier of the United States District Court for the Northern District of Tennessee, sitting by designation.

forfeited. Murray additionally failed to request a reasoned award from the panel, a failure that automatically dooms his manifest-disregard argument. We affirm the district court.

I

The district court's opinion detailed the facts giving rise to this matter. Citigroup demanded payment of the balance of a forgivable loan upon Murray's early departure from the company. Murray responded by suing Citigroup in Ohio state court. Citigroup removed the action to the United States District Court for the Northern District of Ohio and moved to compel arbitration. The Financial Industry Regulatory Authority oversaw the arbitration and eventually awarded Citigroup $40,153 plus 10% interest—a far cry from the $167,600.11 it had initially demanded. The FINRA panel also awarded Murray $25,705.95 to compensate him for counterclaims against his former employer.

Dissatisfied, Murray moved the district court to vacate the award. He challenged the award on a number of grounds, many of which were summarily dismissed as providing no basis for relief. The district court found only one valid basis for review, a claim of manifest disregard of the law by the arbitrators, which the court denied as an "arduous" attempt to relitigate facts as opposed to law. Murray filed a timely appeal with this court.

II

Murray raises three issues on appeal. He first argues that the arbitration panel exceeded its authority by issuing an award in contradiction of the plain language of his loan agreement with Citigroup. Murray did not challenge the scope of the arbitrators' authority in the lower court. Rather, much like his brief before this court, Murray's motion to vacate is a 26-page screed on Ohio

contract law that seeks to establish a manifest disregard of the law.[1] His first argument is accordingly forfeited. *Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012) ("As a rule, we will not review issues if they are raised for the first time on appeal."). So too is Murray's second argument that the arbitration panel exceeded its authority by issuing an award beyond the scope of the numerous arbitration agreements that he signed with Citigroup.

This leaves Murray's third and final claim for our review: manifest disregard of the law by the arbitration panel. While Murray did raise this claim below, it too meets a summary fate for the simple fact that Murray failed to request a reasoned award from the arbitration panel. Arbitration, by its very nature, restricts traditional legal review, and we will not vacate an arbitration decision for a manifest disregard of the law unless the complaining party shows that the decision flies in the face of established legal precedent. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). To prove this, Murray must demonstrate that: "(1) the applicable legal principle [that he claims has been violated] is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).

Generally, the arbitration panel is not required to explain its decision. *Ibid.* In cases such as this one, where neither statute nor arbitration proceedings demand or produce a detailed explanation of how the arbitration panel reached its conclusion, we will not vacate an award for

---

[1]Though Murray does accuse the arbitration panel of disregarding the plain language of the contract in his motion, he does so in the context of his manifest-disregard argument. Merely raising the applicable facts in a motion does not put the *issue* before the district judge for his consideration.

failure to provide such an explanation. *See Green v. Ameritech Corp.*, 200 F.3d 967, 976 (6th Cir. 2000) (admonishing parties to an arbitration agreement to "clearly state in the agreement the degree of specificity required" if they wish for a detailed opinion at the end of the arbitration). As we have stated time and again, the absence of a reasoned award makes it all but impossible to determine whether the arbitration panel acted in manifest disregard of the law. *See, e.g.*, *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007); *Dawahare*, 210 F.3d at 690; *Jaros*, 70 F.3d at 421.

This case is a paradigmatic example of why we do not entertain a manifest-disregard argument in the absence of a reasoned award. Murray's twelve "particulars of the manifest disregard of the law" are riddled with bald assertions and conjectures about what the arbitration panel did and did not do.[2] In light of the fact that we employ "one of the narrowest standards of judicial review in all of American jurisprudence," *see Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (internal quotation marks omitted), we refuse to rely solely on a party's analysis. Furthermore, as the district court pointed out, "none of [Murray's] arguments derive from a law-based analysis." Rather, all of his claims—including those that he identifies as black-letter arguments—contain thinly veiled attempts to relitigate factual determinations made by the arbitration panel. As a categorical matter, we do not engage in such exercises when reviewing an arbitration

---

[2] *See, e.g.*, Appellant's Br. 25 ("*If* the panel considered the note to be amended to a nine (9) year payment schedule, . . . ." (emphasis added)); *id.* at 29 ("The panel's findings are inherently in conflict[,] and they manifestly disregarded the law under constructive termination and voluntary resignation." (no citation supporting what the panel's findings were or what law they allegedly ignored)); *id.* at 30 ("The evidence was unrefuted that SB deducted Two Hundred Seventy-Two Thousand Two Hundred Dollars ($272,200) from PM's paycheck . . . ." (no reference to any record showing that such evidence was ever submitted to the arbitration panel)).

award, regardless of whether it is explained or not. *See Major League Baseball Player's Ass'n. v. Garvey*, 532 U.S. 504, 509 (2001) ("When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." (internal quotation marks omitted)).

Ultimately, FINRA rules allowed Murray to seek a reasoned award. Financial Industry Regulatory Authority, Code of Arbitration Procedure for Industry Disputes § 13904(g) (stating that parties may jointly seek a reasoned award from the arbitrator). There is no evidence that Murray ever sought, much less attained, such a decision. He therefore has no one but himself to blame for our inability to assess his manifest-disregard argument. We **AFFIRM** the district court.