NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFERIES, LLC,

      Petitioner-cross-
respondent-Appellee,

   v.

DEAN DECKER,

      Respondent-cross-
petitioner-Appellant.

No.   23-55480

D.C. Nos.
2:21-cv-07828-FLA-RAO
2:21-cv-07934-FLA-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted April 12, 2024
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and LIBURDI,** District
Judge.

     Appellant Dean Decker appeals from the district court's order confirming an

arbitration award against Decker in favor of appellee Jefferies, LLC ("Jefferies")

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

and denying Decker's motion to vacate the award. We review the district court's decision de novo. *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (citation omitted).

The district court confirmed the award over Decker's objection that the award should be vacated under: (1) the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4), because "the arbitrators exceeded their powers"; and (2) the public-policy exception to enforcement of an arbitration award, because the award violated California public policy against restraints on competition. On appeal, Decker reasserts these two arguments. We affirm.

1.      The FAA provides limited grounds for vacatur of an arbitration award, including in instances "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators exceed their powers within the meaning of Section 10(a)(4) when they issue an award that "exhibits a 'manifest disregard of law.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)). "[F]or an arbitrator's award to be in manifest disregard of the law, 'it must be clear from the record that the arbitrator recognized the applicable law and then ignored it.'" *Id.* (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (internal brackets omitted)). Where, as here, arbitrators issue an award "without explanation of their reasons and

2

without a complete record of their proceedings," *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (quoting *Wilko v. Swan*, 346 U.S. 427, 436 (1953)), "it is all but impossible to determine whether they acted with manifest disregard for the law," *id.* (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)).

Decker contends that the arbitrators ignored California Business & Professions Code § 16600 ("section 16600") and cases interpreting that statute. Section 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600.[1] Decker concedes that no court has ever held that an agreement like the one at issue here—a promise to enter an employment relationship by a date certain with reciprocal liquidated damages clauses—is void under section 16600. Given the lack of controlling case law, and that the arbitrators did not issue a reasoned decision, Decker fails to make the requisite showing that "the governing law alleged to have been ignored by the arbitrators [was] well defined, explicit, and clearly applicable." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879–80 (9th Cir. 2007) (cleaned up) (citation omitted).

2.    Decker's public-policy argument fares no better.  The public-policy

---

[1] Section 16600 was recently amended, effective January 1, 2024. *See* Cal. Bus. & Prof. Code § 16600 (2024), *amended by* 2023 Cal. Stat. Ch. 828. Because the amendment had yet to occur when the arbitration panel issued its award, it has no bearing on whether the arbitrators "manifestly disregarded" the law.

exception to the enforcement of an arbitration award stems from "the general rule that a court cannot enforce any contract that contravenes public policy." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1209 n.9 (9th Cir. 1989) (en banc).[2] "To vacate an arbitration award on public policy grounds, we must (1) find that an explicit, well defined and dominant public policy exists . . . and (2) that the policy is one that specifically militates against the relief ordered by the arbitrator." *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1111 (9th Cir. 2012) (internal quotation marks and citation omitted). "Any such public policy 'must be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *Id.* (quoting *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000)).

Decker's public policy argument stems from the same root as his manifest

---

[2] Jefferies contends that the public-policy exception did not survive the Supreme Court's decision in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). We disagree. "As a three-judge panel, we may overrule the decision of a prior panel only where an 'intervening higher authority' is 'clearly irreconcilable' with the reasoning of that decision." *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)). *Hall Street*, which did not consider the public-policy exception to enforcement of an arbitration award, is not "clearly irreconcilable" with our 1989 decision in *Stead Motors* and our other public-policy exception cases that both pre- and post-date *Hall Street*. *See, e.g.*, *Stead Motors*, 886 F.2d at 1210; *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 n.4 (9th Cir. 2010).

disregard argument: the "public policy against restraints on trade embodied in California Business and Professions Code Section 16600." He cites no law or legal precedent creating "an explicit, well defined and dominant public policy" that militates against the relief ordered by the arbitration panel under the facts in this case; *i.e.*, the award of liquidated damages for Decker's breach of his promise to enter a future employment relationship by a date certain, as set forth in an agreement containing reciprocal liquidated damages clauses. *Matthews*, 688 F.3d at 1111. Decker's public-policy argument therefore fails.

**AFFIRMED**.