NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0159n.06

Case No. 24-1547

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 21, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| LEVIATHAN GROUP LLC, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| DELCO LLC, dba Delco Products, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge:

This case concerns a dispute between two companies, Leviathan Group LLC ("Leviathan") and Delco LLC ("Delco"), that was resolved by arbitration. Leviathan prevailed before the arbitrator and sought to enforce the resulting order in state court. Delco removed to federal district court, which confirmed the arbitrator's award. Delco now appeals, asking us to vacate the district court's decision confirming the award. We affirm.

**I.**

On November 1, 2020, Leviathan and Delco entered into a contract under which Leviathan was to market and publicize Delco's products by email, on social media, and on other platforms, for a rate of $100,000 each month. The contract provided that "disputes arising out of or relating to this Agreement will be resolved by binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction." DE 1-4, Contract, Page ID 32.

Leviathan asserts disputes over performance and payment began in spring 2021. Delco claimed to have paid over $500,000 under the contract and that Leviathan repeatedly overpromised as to both what it could deliver and what it was delivering. The parties submitted their disputes to arbitration, as provided in the contract, and designated Sheri B. Cataldo as their arbitrator. Cataldo reviewed written submissions and held evidentiary hearings over five days in April and May of 2023.

On June 7 of that year, Cataldo issued a "Partial Final Award" that determined that 1) Delco had breached the contract, and the evidence did not support its counterclaims against Leviathan; 2) Delco owed Leviathan $156,474.00 in damages; 3) the parties were to submit briefing and documentation supporting and opposing a request for Leviathan's attorney's fees; and 4) "Contract deliverables not previously provided to Delco, if any, shall be transmitted by Leviathan to Delco within 7 days of this Order." DE 1-2, Partial Final Award of Arbitrator, Page ID 25. The arbitrator then held a hearing on July 31, 2023 regarding attorney's fees, and, two weeks later, issued a final award. This final award awarded fees and costs of $254,320.60 against Delco and in favor of Leviathan. The final award provided that it was "in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." DE 1-3, Final Award of Arbitrator, Page ID 27.

On August 17, 2023, Leviathan filed a complaint in Michigan state court to confirm the arbitration award and enter judgment. Two months later, Delco removed the case to the United States District Court for the Eastern District of Michigan. There, Delco moved to vacate or modify the arbitrator's award, and Leviathan moved to confirm the award. The district court held a hearing on the two motions on May 23, 2024. The district court entered an opinion and order confirming the arbitrator's award on May 28, 2024, determining that "none of the statutory bases in the Federal

Arbitration Act for overturning an arbitration award can be found in this record." DE 16, D. Ct. Op., Page ID 343. Delco now appeals the district court's confirmation of the arbitration award.

## II.

On appeal of a district court's decision to confirm an arbitration award, our review of factual findings is for clear error and our review of questions of law is de novo. *Adell v. Cellco P'ship*, No. 21-3570, 2022 WL 1487765, at *3 (6th Cir. May 11, 2022). Additionally, the Federal Arbitration Act ("FAA") "expresses a presumption that arbitration awards will be confirmed." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008) (citation omitted); *see* 9 U.S.C. § 10(a). In considering whether a reviewing court can vacate a decision entered by an arbitrator, we ask:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"?

*Mich. Fam. Res., Inc. v. Serv. Emp. Int'l Union Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (en banc). These questions are drawn from the FAA and decisions interpreting it. If none of these questions can be affirmatively answered, judicial intervention must be denied, even if "the arbitrator made 'serious,' 'improvident' or 'silly' errors in resolving the merits of the dispute." *Id.* We look more to process than substance, "unless the substance of the interpretation is so off the wall that it makes implausible the idea that the arbitrator was engaged in interpretation in the first place." *Zeon Chemicals, L.P. v. United Food and Commercial Workers, Local 72D*, 949 F.3d 980, 982 (6th Cir. 2020). Our review is narrow because the parties have bargained for an arbitrator to decide their dispute, not for "layers of federal judicial review," and "that delegation of decision-making authority must be respected." *Mich. Fam. Res.*, 475 F.3d at 756.

Further, even where, as here, the arbitrator's reasoning is sparse, "this court has never squarely held that a dearth of explanation constitutes a . . . violation—indeed, [9 U.S.C. § 10(a)(4)]'s plain language seems to contradict that reading." *In re Romanzi*, 31 F.4th 367, 375 (6th Cir. 2022). This is especially true where, as here, the parties did not bargain for the arbitrator to explain her reasoning. And even if there is doubt, we are nevertheless to presume that the arbitrator was in fact interpreting the contract. *Mich. Fam. Res.*, 475 F.3d at 753 ("[I]n most cases, it will suffice to enforce the award that the arbitrator appeared to be engaged in interpretation, and if there is doubt we will presume that the arbitrator was doing just that.").

**III.**

Delco makes three arguments in favor of vacating the district court's order. We address each in turn, with this background of "very narrow" review in mind. *Uhl*, 512 F.3d at 305 (citation omitted).

**A.**

Delco's first argument is cleverly framed. Rather than arguing that the arbitrator erred, it faults the district court for not being faithful enough to the arbitrator's decisions. Delco claims that the arbitrator's "Partial Final Award" intended to award outstanding contract deliverables to Delco, that the "Final Award" only added attorney's fees to the "Partial Final Award," that Delco never received its deliverables, and that the district court erred by ignoring the language of the "Partial Final Award" in only confirming the "Final Award." Delco seeks a remand so that the district court can reconsider. Delco is correct to an extent. The "Partial Final Award" provided that "Contract deliverables not previously provided to Delco, if any, shall be transmitted by Leviathan to Delco within 7 days of this Order" and that "[e]xcept for an award of attorney's fees and costs, which will be addressed in the Final Award, all claims and requests for relief made by

the parties but not expressly granted in this Partial Final Award are hereby, denied." DE 1-2, Partial Final Award of Arbitrator, Page ID 25–26. And it is also true that we have in other contexts, considered discrepancies between sequential decisions by an arbitrator in vacating an award. *See Thomas Kinkade Co. v. White*, 711 F.3d 719, 724 (6th Cir. 2013).

But Delco's problem is that, as the district court recognized, to the extent there is a contradiction between the two, the Final Award supersedes the Partial Final Award. The Partial Final Award did not make any particular findings about which deliverables were outstanding—or even, given that it uses the words "if any," *that* any deliverables were outstanding. And the Final Award, by its terms, is a final disposition of all claims and counterclaims under the contract: "This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." DE 1-3, Final Award of Arbitrator, Page ID 27. The Final Award refers back to the amount of damages awarded against Delco in the Partial Final Award; it does not refer back to its earlier language on deliverables. The most natural reading of these two orders is that at some point the arbitrator decided either that no deliverables remained outstanding or that no deliverables were ever outstanding in the first place. Either way, Delco did not prevail on its counterclaims regarding Leviathan's performance under the contract.

To the extent Delco is arguing that the arbitrator erred in determining which or whether deliverables remained, we cannot reverse and remand on the basis of error alone. *See Mich. Fam. Res.*, 475 F.3d at 756. And to the extent Delco is arguing that the district court erred in its conclusion that the Final Award must have superseded or integrated the Partial Final Award, we do not agree: that seems to be the clear import of the words of the Final Award. In the end, the agreement to arbitrate makes no mention of a requirement for the arbitrator to explain her decision. "If parties to an arbitration agreement wish a more detailed arbitral opinion, they should clearly

state in the agreement the degree of specificity required." *Green v. Ameritech Corp.*, 200 F.3d 967, 976 (6th Cir. 2000). Where no explanation is required by the agreement, we generally "will not vacate an award for failure to provide such an explanation." *Murray v. Citigroup Global Markets, Inc.*, 511 F. App'x 453, 455 (6th Cir. 2013). In some circumstances remand to the arbitrator for clarification is appropriate, *see Romanzi*, 31 F.4th at 377, but Delco does not seek such a remand on appeal.

**B.**

Delco's second argument claims error by the arbitrator. Delco argues that the contract between the parties specified that it was to be construed under Michigan law, that under Michigan law the awarding of attorney's fees requires more evidence than an itemized bill, and that the arbitrator erred as a matter of law by relying on no more than a bill in making its attorney's fees award. This second argument fares no better than the first. To begin with, even accepting the premise that Michigan law was to govern the fee award, it is not clear that Michigan law so categorically requires what Delco says it does.[1] And further, even if it did, an error of law is not grounds for reversal of an arbitration award.

---

[1] The contract between the parties provided that it was to be construed under Michigan law and that "[i]n any action arising hereunder or any separate action pertaining to the validity of this Agreement, the prevailing party shall be awarded reasonable attorney's fees and costs, both in the trial court and on appeal." DE 1-4, Contract, Page ID 32–33. The district court suggested that the Commercial Arbitration Rules of the American Arbitration Association might prove an independent substantive source of fees. Since the relevant provision of the Commercial Arbitration Rules merely authorizes a fee award "if all parties have requested such an award or it is authorized by law or their arbitration agreement," we are skeptical of the idea that anything other than Michigan law was intended to govern the fee award. American Arbitration Association, COMMERCIAL ARBITRATION RULES AND MEDIATION PROCEDURES, Rule R-47(d)(ii) (Oct. 2013). All roads, whether "authorized by law" in the Arbitration Rules or the terms of the agreement itself, would lead back to Michigan. This does not help Delco, however, as we explain below.

The chief Michigan case on which Delco relies is *Petterman v. Haverhill Farms, Inc.*, 335 N.W.2d 710 (Mich. Ct. App. 1983). In that case, the court of appeals determined that "[s]ince plaintiff claimed that defendants' attorney fees were excessive in general and the trial court failed to actually consider the issue of reasonableness but instead found the bill acceptable on its face, the trial court abused its discretion," and remanded the case for an evidentiary hearing on fees. *Id.* at 712.

But the arbitrator here was presented with more than just an itemized bill. First, and most obviously, she held a hearing on the fees question on July 31, 2023. And second, Leviathan also filed a State Bar of Michigan guidance document covering typical billing rates to support its fee briefing. It is true that some of Michigan's recent cases citing *Petterman* apply a stricter rule against reliance on billing records alone. *See, e.g.*, *In re Foster*, No. 350644, 2020 WL 4382786, at *4 (Mich. Ct. App. July 30, 2020) (per curiam) ("While such billing records may substantiate how an attorney spent his time and which services he performed, they cannot demonstrate why said time and services were needed or reasonable."). But other Michigan cases have held differently. *See Rudnicki v. Ateek*, No. 328130, 2016 WL 5930121, at *3–4, (Mich. Ct. App. Oct. 11, 2016) (per curiam) (detailed billing records, accompanied by an affidavit, can support a finding of reasonableness even without a hearing). And, as the district court noted, the arbitrator's investigation into the reasonableness of fees could be supported by the fact that she did not accept the figures quoted by Leviathan without question—she awarded significantly less in fees than Leviathan had asked for.

In short, the rule under *Petterman* and its progeny that reasonable fees are to be justified by more than just an attorney's bills is likely satisfied here.[2] And of course, even if Michigan law required more and this decision was error, legal errors by arbitrators are to be tolerated so long as the arbitrator has even arguably construed or interpreted the agreement. *Mich. Fam. Res.*, 475 F.3d at 756. We reject Delco's argument for remand on these grounds.

## C.

Delco's third argument is its broadest: it argues that the arbitrator's decision should be vacated because it is too one-sided and departs from the essence of the contract. Delco characterizes the decision as "[a]warding Leviathan its expectation measure of damages but denying Delco anything close to what it expected under the Contract" and argues that "[t]he arbitrator exceeded her authority by ignoring Delco's rights under the Contract." CA6 R. 21, Appellant Br. at 25, 28. But once again, even if she had, "[a]n arbitrator does not exceed his authority every time he makes an interpretive error; he exceeds that authority only when the . . . bargaining agreement does not commit the dispute to arbitration." *Mich. Fam. Res.*, 475 F.3d at 756. Delco does not and could not argue that these issues, which spring from the contract and the parties' performance under it, were not committed to arbitration. Although we cannot

---

[2] Delco also points us (and pointed the arbitrator) to *Smith v. Khouri*, 481 Mich. 519, 529–34 (Mich. 2008), which requires a trial court awarding reasonable attorney's fees to consider certain factors, and *Pirgu v. United Servs. Auto. Ass'n*, 499 Mich. 269, 281–82 (Mich. 2016), which revised the list of factors and stated that "[i]n order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record." The arbitrator's failure to discuss these factors and the reasonableness of fees on the record is thus the closest thing to a clear error of law by the arbitrator that we can discern on the record available to us. But Delco conceded before the district court that where the parties did not bargain for a reasoned decision by the arbitrator, the arbitrator did not "necessarily" need to expound on the factors that had to have been applied. DE 20, Tr. of Motions Hearing, Page ID 385. And Delco bases its argument on appeal on a purported lack of evidence and information presented to the arbitrator, not on a lack of explicit consideration by the arbitrator.

"ignore the specter that an arbitration decision could be so ignorant of the contract's plain language as to make implausible any contention that the arbitrator was construing the contract," we also recall that "judicial consideration of the merits of a dispute is the rare exception, not the rule." *Id.* at 753 (citation omitted).

And finally, because the parties did not bargain for any kind of reasoned decision by the arbitrator, Delco's critique of her admittedly sparse reasoning "faces a tremendous obstacle." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995); *see Phys. Inc. Capital v. Praesidium All. Grp.*, 562 F. App'x 421, 423 (6th Cir. 2014) (same). And the range of permissible review of arbitrators' decisions has only narrowed since *Merrill Lynch*. *See Mich. Fam. Res.*, 475 F.3d at 752–53. We decline, as we must, this invitation to relitigate the merits of the arbitrator's decision.

## IV.

The parties bargained contractually for an unbiased arbitrator to decide their disputes and, accordingly, did not bargain for federal judicial review. Delco does not allege bias, conflict of interest, or that the arbitrator decided issues not committed to her—only that the district court read her orders wrong, that she exceeded her authority by erring as a matter of law, and that she departed from the essence of the contract. As to the first argument, we think the district court got it right. As to the second and third arguments, they simply do not meet the high standard for vacating an arbitrator's decision. We conclude that the arbitrator was acting within the scope of her authority and was, at a minimum, arguably construing the terms of the parties' contract, and we affirm the decision of the district court.