J. R. SNYDER COMPANY, INC. v SOBLE

1. Appeal and Error—Arbitration and Award—Court Rules—
   Preserving Question.

   Alleged error in an arbitration award has not been preserved for
   appeal where the defendant failed to raise the issue within 20
   days after receiving delivery of a copy of the award (GCR 1963,
   769.9, 769.10).

2. Arbitration and Award—Statutes—Purposes.

   The purpose of statutory arbitration is to provide a simple and
   inexpensive method for the prompt adjustment and settlement
   of claims; arbitration statutes are remedial and should be
   liberally construed to effectuate their intent and purposes.

3. Arbitration and Award—Appointment of Arbitrators—Arbi-
   tration Agreement—Appeal and Error—Deviation from
   Agreement.

   A technical deviation from the method prescribed by an arbitra-
   tion agreement for the appointment of arbitrators is not suffi-
   cient to set aside an arbitration award where the error was *de
   minimis* and no prejudice was demonstrated.

4. Arbitration and Award—Judgment on Award—Circuit Court
   —Statutes.

   A circuit court may render judgment on an arbitration award
   although the relief given is such that it could not or would not
   be granted by a court of law or equity in an ordinary civil
   action (MCLA 600.5025).

Appeal from Wayne, Joseph G. Rashid, J. Sub-
mitted Division 1 November 7, 1974. (Docket No.
18723.) Decided January 8, 1975.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 156–158, 545.
[2] 5 Am Jur 2d, Arbitration and Award § 6.
[3] 5 Am Jur 2d, Arbitration and Award §§ 24, 86.
[4] 5 Am Jur 2d, Arbitration and Award §§ 159–161.

Complaint by J. R. Snyder Company, Inc., against Harold Soble, Goldie Soble, Andrew C. Rogerson, Helen Rogerson, Kermit Ackerman, Ethel Ackerman, Henry E. Rocklin, Gertrude Rocklin, Harold Soble Construction Company, Inc., and Franklin Life Insurance Company to foreclose a mechanic's lien. Plaintiff moved to compel arbitration on the issue of indebtedness between plaintiff and Harold Soble Construction Company. Motion granted. Plaintiff moved for judgment upon an arbitration award in its favor. Judgment for plaintiff. Harold Soble Construction Company appeals. Affirmed.

*Clark, Hardy, Lewis & Fine, P. C.* (by *Dennis R. Pollard),* for plaintiff.

*Gurwin & Snyder,* for Harold Soble Construction Company.

Before: J. H. GILLIS, P. J., and ALLEN and PETERSON,* JJ.

ALLEN, J. Plaintiff, a masonry subcontractor, filed suit against the general contractor, defendant appellant herein, to foreclose a mechanics' lien upon certain real property in Wayne County. Plaintiff's motion to compel arbitration as provided in GCR 1963, 769.2 on the single issue of indebtedness between plaintiff and appellant was granted and the issue, in turn, referred to arbitration. Subsequently, the arbitrator issued an award for $24,673.89 plus interest, costs, and reasonable attorney fees, in favor of plaintiff.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Harold Soble Construction Co., Inc., is indebted to J. R. Snyder Co., Inc., in the amount of $24,673.89 for the work performed on the Sveden House job, Proposal No. 70-48, plus interest upon that amount at the rate of 8% computed from March 9, 1971, plus costs of this

Plaintiff's motion for judgment on the award and assessment of the dollar amount of attorney fees was granted and on October 18, 1973, judgment was entered affirming the award and fixing reasonable attorney fees of $4,000. It is this judgment from which defendant appeals. The judgment concerns only the in personam or debt issues between the subcontractor and general contractor. The in rem or lien perfection issues are still before the trial court awaiting the outcome of this appeal. Appellant raises four claims of error, two of which were disposed of as noted below,[2] with the remaining issues being discussed in this opinion.

Was the arbitrator appointed in conformity with the arbitration agreement and, if not, is the deviation reversible error? The marquis of queensberry rules governing disputes among masonry workers are found in article 17 of the Standards and Practices of Quality Masonry Construction.

Pursuant to these rules the Detroit Mason Contractors Association (hereafter referred to as DMCA) submitted to each party an identical list of four prospective arbitrators. Appellant responded, objecting to one arbitrator and rating the remaining three persons in order of preference. Appellee had no objections to any of the proposed names and stated its order of preference. The orders of

arbitration, transcript, and plus reasonable attorneys fees incurred in connection with collection of this debt."

[2] Assigned error #2—that the award of interest and attorney fees was beyond the scope of authority conferred to arbitration. Assuming, *arguendo*, this to be true, defendant is precluded from raising the issue on appeal since defendant failed to raise the issue within 20 days after receiving delivery of a copy of the award as provided by GCR 1963, 769.9 and 769.10.

Assigned error #3—that entry of judgment prior to disposition of the in rem claims is prohibited by GCR 1963, 518.2. The trial judge did comply with the conditions of the rule and expressly determined "that there is no just reason for delay". See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Author's Comments, p 629.

preference were not common. April 23, 1973, DMCA notified the parties it had appointed all three persons to whom objection had not been raised and had scheduled May 8, 1973 as the date for hearing. On May 4, appellant's counsel mailed a letter to both DMCA and plaintiff, stating the selection of arbitrators lacked compliance with the arbitration agreement. However, the letter did not spell out the nature of noncompliance. When the parties convened May 8, for the scheduled hearing, appellant's counsel moved to reject the three-man panel, claiming that article 17 called for only one arbitrator. Plaintiff's counsel then offered to accept any one of the three arbitrators that defendant would care to name. Defendant promptly declined the offer. Following an off-the-record discussion the hearing resumed as follows:

> "*The arbitrator:* Because of the supposed misunderstanding of three people being at this table and because defense attorney asked for the arbitrators to be sworn in and then at a later date or later on made a motion that arbitration proceedings here are null and void, I have been elected arbitrator with the other two gentlemen being consultants to the arbitrator, and the reason being that I felt that the question that was put to me and to us was entrapment, and that we will proceed with this case."

Defendant's counsel responded, saying:

> "I again urge that as a matter of law this tribunal is defective and that the only way we can proceed is under Article XVII and with due respect to Mr. Gleeson, I don't really think that the three of you have any power whatsoever to nominate one of you to serve as an arbitrator because the rules of the association clearly states [sic] that the arbitration must proceed in accordance with the written agreement."

The chairman again offered to allow defendant's counsel to select any one of the three to serve as the sole arbitrator. Again, defendant rejected the proposal, whereupon the hearing proceeded and testimony was taken. The applicable portion of article 17 of the arbitration agreement provides:

"B. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the *persons* who have been approved on both lists, and in accordance with the designated order of mutual preference, the Board of Directors shall invite the acceptance of *an Arbitrator* to serve. If the parties fail to agree upon any of the persons named, or if acceptable Arbitrators are unable to act, or if for any other reason the *appointment* cannot be made from the submitted lists, the Board of Directors shall have the power to make the *appointment* without the submission of any additional lists." (Emphasis added.)

We conclude that the agreement requires (1) a single arbitrator (2) who is appointed by the Board of Directors. Compliance with the first requirement did in fact occur when one of the three arbitrators was selected to serve as a single arbitrator presiding over the dispute. We find the second provision was technically violated because the person selected was not chosen by the Board of Directors of DMCA. However, we find this an error *de minimis*. Neither in its brief nor upon oral argument did appellant explain how it was prejudiced. No case is cited by defense counsel or can be found by this panel which holds an error of this

type reversible.[3] The purpose of statutory arbitration is to provide a simple and inexpensive method for the prompt adjustment and settlement of claims. *Stagray v Detroit Automobile Inter-Insurance Exchange,* 1 Mich App 321, 325; 136 NW2d 51 (1965). The arbitration provisions of the Revised Judicature Act are remedial "and shall be liberally construed to effectuate the intent and purposes thereof". MCLA 600.102; MSA 27A.102; *Stadel v Granger* Brothers, Inc, 4 Mich App 250, 259; 144 NW2d 609 (1966). Compatible with the policy of these decisions we conclude that before a deviation from a prescribed method of appointment of arbitrators will be held sufficient to set aside a consequent award, the deviation must be a matter of demonstrable substance. Not finding the deviation to be demonstrably injurious we refrain from finding error.

Did the trial court in a mechanics' lien action exceed its authority by establishing a dollar amount for attorney fees incurred in arbitration proceedings establishing the indebtedness between the contractor and subcontractor? This issue relates to assigned error #2 previously mentioned. The arbitrator awarded "reasonable attorney fees" but established no precise amount thereof. Appellant argues that the trial court, by setting the dollar amount, effectively appointed itself as successor arbitrator for the completion of the arbitration proceedings. Additionally, defendant contends

---

[3] The converse of the situation in the present case is found in *Matter of Lipschutz (Gutwirth),* 304 NY 58; 106 NE2d 8 (1952), where the agreement called for three arbitrators and the trial court appointed only one. In that situation the court found the error reversible on the ground that there is less possibility for error when the reviewing authority consists of more than one person. See also *Roberto Construction Co, Inc v Burnham-Manning Post #1105 Veterans of Foreign Wars of the United States, Inc,* 347 Mass 400, 404; 198 NE2d 302, 304 (1964).

that while the mechanics' lien statute expressly allows attorney fees, the judgment before the court concerns only an award from arbitration rather than foreclosing a lien upon real property. As noted in assigned error #2, the issue of attorney fees is not before this Court, defendant having failed to move to vacate or modify the award as required by GCR 1963, 769.9 and 769.10. Even if the question were properly before us we would not be disposed to disallow the fee. The trial judge does have broad authority under the arbitration act as to the scope of the judgment:

"The court may render judgment on the award although the relief given is such that it could not or would not be granted by a court of law or equity in an ordinary civil action." MCLA 600.5025; MSA 27A.5025.

Defendant offered no proof that the $4,000 fee was excessive. The trial court did not casually determine awardable attorney fees but instead first reviewed counsel's affidavit detailing the amount of time spent on the matter and then reduced the $5,500 amount counsel requested to $4,000.

Affirmed, costs to plaintiff.

All concurred.