*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARNOLD CARMEN,

      Plaintiff-Appellant,

v

FACTORY STEEL AND METAL SUPPLY CO., LLC,

      Defendant-Appellee.

UNPUBLISHED
September 19, 2024

No. 368034
Oakland Circuit Court
LC No. 2023-201405-CB

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

In this dispute over the terms governing the operation of a family-owned limited-liability company, plaintiff, Arnold Carmen, appeals as of right the circuit court's order denying his motion to vacate an arbitration award and confirming it in favor of defendant, Factory Steel and Metal Supply Co., LLC. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant is a steel manufacturer founded in 1946, by Jack Carmen (Carmen) and Alex Saltsman (Saltsman). On December 1, 1976, Carmen, Saltsman, plaintiff, Jerry Saltsman, Herman Halon, Michael Carmen, Joseph Bricker, and Sara Bricker entered into a partnership agreement, which required every partner to "devote his entire time to the conduct of the partnership business or to other businesses in which the Partners might jointly engage." The parties also executed a "Partnership Buy and Sell Agreement" on the same day. The partnership was later incorporated as a limited-liability company. In 2014, an "Acknowledgement and Adoption Agreement" was signed by plaintiff, Michael Carmen, Herman Halon, Michael Halon, Jerry Saltsman, Joseph Bricker, and Sara Bricker. This agreement did not supersede and replace the previously executed partnership agreement and buy and sell agreement. Instead, the previous agreements were

incorporated into the 2014 agreement and updated to reflect the current corporate structure.[1] The "Acknowledgement and Adoption Agreement" also stated: "The Managers of the Company must be Members of the Company and will be appointed, removed and/or replaced by the affirmative vote of at least 70%, by percentage interest of the Members."

In 2021, the members attempted to negotiate an amendment to the company's operating agreement. Unable to resolve the dispute, the parties agreed to submit their issues to private arbitration. In the arbitration,[2] defendant sought declaratory relief, specifically that the arbitrator address whether (1) a member must be an active employee; (2) a member cannot transfer his interest to his children unless the children are or become active employees; and (3) a member who is not an active employee and does not fall under an applicable exception must sell his interest. The arbitrator denied plaintiff's attempt to dismiss the arbitration through summary disposition, concluding that the company documents contained ambiguous terms. He opined that the context of the terms, the performance of the agreements, and the opinion of the members would aid in determining the rights of the members. Consequently, the arbitrator also concluded that parol evidence was admissible.

Following the testimony of defendant's members and attorney, the arbitrator granted defendant's request for declaratory relief, finding the testimony offered by the witnesses, including plaintiff, was "entirely consistent." The arbitrator applied the witnesses' testimony and documentary evidence to the undefined, ambiguous terms of the governing documents, interpreted the agreement, and found that defendant was entitled to declaratory relief.

Plaintiff moved to vacate the arbitration award, but the circuit court denied the motion and confirmed the award. The circuit court determined that plaintiff did not identify an error of law on the face of the arbitration award, but rather, sought to have an error of law declared premised on a future hypothetical event. Plaintiff then sought reconsideration, relying on e-mails exchanged between the parties after the arbitration decision was rendered. The circuit court also denied this request, determining that plaintiff failed to establish palpable error. This appeal followed.

---

[1] In the "Acknowledgement and Adoption Agreement" at paragraph four, it expressly stated that "The Partnership Agreement of [defendant], as amended, is hereby acknowledged, adopted and confirmed as the Company's Operating Agreement. In all respects the term 'Company' shall be substituted for the term 'Partnership,' the term 'Member' shall be substituted for 'Partner,' and the term 'Members' shall be substituted for 'Partners.' " Similarly, in paragraph five of this agreement, the terms of the buy and sell agreement were also "acknowledged, adopted and confirmed as the Company's Buy and Sell Agreement."

[2] There were other claims raised before the arbitrator. Additionally, defendant moved for summary disposition of plaintiff's counterclaim, and the motion was granted. Plaintiff moved for summary disposition pertaining to the merits of the dispute and attempted to exclude parol evidence. That motion was denied. Those underlying rulings are not at issue in this appeal.

## II. ANALYSIS

Plaintiff asserts the circuit court erred by confirming the arbitration award because the award was premised on a clear error of law. We disagree.

This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award. *Fette v Peters Constr Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015) (citation omitted). Arbitration awards are given great deference and should not be lightly set aside. *Bell v Seabury*, 243 Mich App 413, 421-422; 622 NW2d 347 (2000) (citation omitted). The courts are given a limited role in reviewing an arbitrator's decision and may vacate the award under narrow circumstances. *Id*. at 422 n 4. "[A] court may not review an arbitrator's factual findings or decision on the merits." *Port Huron Area Sch Dist v Port Huron Educ Ass'n*, 426 Mich 143, 150; 393 NW2d 811 (1986). "[A]n allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way v Spence Bros*, 438 Mich 488, 497; 475 NW2d 704 (1991); see also *Washington v Washington*, 283 Mich App 667, 675; 770 NW2d 908 (2009). That is, the courts may not substitute their judgment for that of the arbitrators. *Gordon Sel-Way*, 438 Mich at 497. An award rendered is presumed to be within the scope of the arbitrator's authority unless express language indicates the contrary. *Id*.

> The scope of judicial review of an arbitration award is necessarily dictated in large measure by the procedural form the arbitration proceedings take. Reviewing courts can only act upon a written record. There is no requirement that a verbatim record be made of private arbitration proceedings, there are no formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required. Thus, from the perspective of the record alone, a reviewing court's ability to review an award is restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record.

> \* \* \*

> [C]ourts will be reluctant to modify or vacate an award because of the difficulty or impossibility, without speculation, of determining what caused an arbitrator to rule as he did. The informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award. Reviewing courts are usually left without a plainly recognizable basis for finding a substantial legal error. It is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable . . . . In many cases the arbitrator's alleged error will be as equally attributable to alleged "unwarranted" factfinding as to asserted "error of law". In

such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are reviewable. [*DAIIE v Gavin*, 416 Mich 407, 428-429; 331 NW2d 418 (1982).]

To vacate an arbitration award, an error of law must be apparent from the face of the award and be so egregious such that it materially affects the arbitration's outcome. *Hope-Jackson v Washington*, 311 Mich App 602, 614; 877 NW2d 736 (2015) (citation omitted). Stated otherwise, the error of law must be evident from the face of the award and establish a disregard of fundamental principles essential to resolving the dispute fairly or unequivocally produce a legally unsustainable result that cannot be found within the parties' agreement to arbitrate or the arbitrator's authority. *Id*.

The standard applied to arbitration decisions is not clear error. *DAIIE*, 416 Mich at 443. Legal correctness is not the standard because "[a]rbitrators are not necessarily trained in the law and are men and women of varying ability and expertise." *Id*. at 444. Rather, reviewing courts primarily address the materiality of the legal error to ascertain whether judicial disapproval should occur, not whether a rule of law is settled, widely known, or easily understood. *Id*. at 443-444. Additionally, "a reviewing court cannot engage in contract interpretation, which is an issue for the arbitrator to determine." *City of Ann Arbor v American Federation of State, Co & Muni Employees*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

In December 1976, the parties executed an agreement to arbitrate disputes pertaining to the partnership documents with an arbitrator selected from the American Arbitration Association (AAA) in Detroit, Michigan. In July 2021, plaintiff and defendant, as signed by member Michael Carmen, executed a special arbitration agreement. This agreement acknowledged that defendant made a demand for arbitration on June 10, 2021, with the AAA, raising certain claims against plaintiff. But, the parties agreed to withdraw that arbitration proceeding. Instead, the parties consented to proceed to "enter into binding arbitration" with a retired judge and "to accept [the arbitrator's] award as final and binding upon them."[3] Although an evidentiary hearing was held and witnesses testified, a record of the proceeding or transcription was not prepared.

The arbitrator was asked to declare that members of the company must be active employees, that members could not transfer their corporate interest to children unless they were or became active employees, and an inactive member must sell his or her interest unless there was an applicable exception. The arbitrator heard testimony and found that it was consistent among all the witnesses, including plaintiff. Specifically, the arbitrator concluded that the use of the phrase

---

[3] This agreement did not delineate whether it was governed by the AAA rules or conducted as a statutory arbitration in accordance with Michigan's Uniform Arbitration Act, MCL 691.1681 *et seq*. But defendant subsequently sent e-mail correspondence to the arbitrator indicating that the arbitration would be conducted in accordance with the AAA rules and the arbitrator later recognized the AAA rules applied.

"entire time" meant that an employee had to be active or full-time. And, although a member could place an interest in trust for a beneficiary, the beneficiary must nonetheless meet the active or full-time employee requirement. Finally, the arbitrator determined that if a transfer did not meet these requirements, it was invalid, and the buy and sell agreement mandated a sale of the interest.

Plaintiff ignores the fact that the arbitrator heard testimony, applied it to the corporate documents, and interpreted the terms of the documents. Thus, the arbitrator's determination is equally attributable to unreviewable factual findings as an error of law. *DAIIE*, 416 Mich at 428-429. Nevertheless, plaintiff contends that the arbitration award was a "clear error of law" because it did not recognize that defendant was no longer a partnership, but a limited-liability company, and the award allowed for expulsion contrary to the governing documents and statutory law. Again, clear error is not the standard applied to review of arbitration awards. *Id*. at 443. And, plaintiff is not alleging an error apparent on the face of the award that is so egregious that it materially affected the arbitration's outcome. *Hope-Jackson*, 311 Mich App at 614. Plaintiff does not identify a legally unsustainable result arising from the parties' agreement to arbitrate or the arbitrator's authority. *Id*. Rather, plaintiff seeks a de novo review of legal principles without an application or examination of the underlying testimony that served as the foundation for the arbitrator's rulings. Accordingly, the circuit court properly denied plaintiff's motion to vacate the arbitration award and affirmed the award in accord with defendant's request.

Next, plaintiff asserted the circuit court erred by denying his motion for reconsideration. We disagree.

"This Court reviews a . . . court's decision to grant or deny a motion for reconsideration for an abuse of discretion." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019) (citation omitted). "A . . . court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*.

MCR 2.119(F)(3) requires that the party moving for reconsideration "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." The circuit court has "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *In re Estate of Moukalled*, 269 Mich App 708, 714; 714 NW2d 400 (2006) (quotation marks and citation omitted). This Court has found "no abuse of discretion in denying a motion resting on a legal theory and facts which could have been pled or argued prior to the [circuit] court's original order." *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008) (quotation marks and citation omitted).

Plaintiff contends that the circuit court denied the motion to vacate the arbitration award by concluding that there was no error apparent on the face of the award, but rather, plaintiff was relying on hypothetical, future scenarios. However, defendant's recent e-mail revealed that defendant utilized the arbitration award to force plaintiff to agree to amend the corporate documents, even though it prevented him from working full-time for defendant.

Although plaintiff contends that the e-mail correspondence demonstrated that defendant misrepresented its true intention and speculation no longer applied, plaintiff's argument ultimately is derived from his interpretation of the corporate documents. And plaintiff's claim is contrary to

-5-

the interpretation and conclusions reached by the arbitrator. Therefore, plaintiff failed to demonstrate palpable error, MCR 2.119(F)(3), and simply reiterated the arguments he raised throughout these proceedings. Accordingly, the circuit court's denial of plaintiff's motion of reconsideration was within the principled range of outcomes. *Woods*, 277 Mich App at 630.

Affirmed.

/s/ Anica Letica
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney